UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER HARPER, an individual,<br><br>             Plaintiff,<br>v.<br><br>SENIOR AEROSPACE JET PRODUCTS, a California Business Entity; and DOES 1-100, Inclusive,<br><br>             Defendants. | Civil No. 09cv2105 JAH(RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. # 5]** |

**INTRODUCTION**

Currently pending before this Court is the motion filed by defendant Senior Aerospace Jet Products ("defendant" or "Jet Products") to dismiss the complaint filed by plaintiff Chester Harper ("plaintiff" or "Harper"). Upon review of the parties' submissions, and for the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

**BACKGROUND**

**1.    Factual Background**[1]

Plaintiff was hired by Jet Products in August of 2006 and remained employed until he was terminated on or about June 25, 2009. Doc # 1 ¶¶ 13, 14. In June 2008, plaintiff

---

[1] These background facts are taken directly from plaintiff's complaint and are assumed true for purposes of the instant motion. *See* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

was diagnosed with type II diabetes. Id. ¶ 15. Over the course of his employment with defendant, plaintiff was granted leave from work six to eight times in order to treat his diabetes. Id. ¶ 16. On several of these occasions, Jet Products' agent, Greg Stewart ("Stewart"), gave plaintiff permission to take time off work to attend to his diabetes. Id. ¶ 16. Stewart also observed plaintiff prick his finger to check his blood sugar count on approximately ten occasions. Id.

On or about June 11, 2009, plaintiff began experiencing a pain in and around his left shoulder and neck area which he assumed was due to a pulled or strained muscle. Id. ¶ 18. During the following two weeks, plaintiff continued to feel pain in his shoulder and neck although it occasionally subsided. Id. On June 25, 2009, plaintiff still experienced neck and shoulder pain while at work prior to the start of his 6:30a.m. shift. Id. At 6:45 a.m., the pain had escalated to the point that plaintiff felt the need to leave work. Id. Consequently, plaintiff informed Stewart that he was experiencing severe muscle pain, explaining that he believed he had pulled or strained his muscles while at home and requested he use a sick day so he could "rest and ice his muscles." Id. ¶ 19. Stewart acknowledged plaintiff's request but requested plaintiff remain at work until Stewart filled out a "near miss" incident report prior to leaving work. Id. ¶ 20. Stewart returned to plaintiff's work area around 7:20 a.m. with a blank "near miss" form and filled in the report form in pencil based on the information given to him by plaintiff. Id. Stewart then told plaintiff not to leave until the report was typed up. Id. Plaintiff took two aspirin and retrieved an ice pack from a first aid kit. Id. When plaintiff did not hear from Stewart after waiting for about an hour, plaintiff telephoned Stewart and again requested permission to leave work but was asked to wait until Stewart finished typing up the "near miss" report. Id. ¶ 21.

Shortly thereafter, plaintiff was directed to speak with Tim Kuntzman ("Kuntzman"), Stewart's supervisor. Id. Plaintiff and Stewart both went to Kuntzman's office where Kuntzman insisted that plaintiff fill out an accident report. Id. Plaintiff attempted to explain that no accident had occurred at work and again requested he use his

sick leave to go home. Id. Plaintiff then left work without having received permission to do so. Id. Two days later, on June 27, 2009, plaintiff received a letter from Jet Products stating that his employment was being terminated, effective June 25, 2009, for walking off the job mid shift. Id. at ¶22.

**2.  Procedural History**

On August 3, 2009, plaintiff filed the instant complaint before the San Diego County Superior Court, alleging state law causes of action for disability discrimination, failure to accommodate, and wrongful termination. The complaint was subsequently removed to this Court on September 25, 2009, based on diversity jurisdiction. Defendant filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on September 3, 2009. Plaintiff filed an opposition to the motion on November 27, 2009 and defendant filed its reply brief on December 7, 2009. Thereafter, the motion was taken under submission without oral argument. *See* CivLR 7.1(d.1).

# DISCUSSION

Defendant moves to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**1.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

1   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

**2.  Analysis**

  Plaintiff's complaint contains four causes of action:  (1) disability discrimination and failure to reasonably accommodate plaintiff's disability pursuant to California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq.* (first and second causes of action); and (2) wrongful termination in violation of California Labor Code §§ 233 & 234 (third and fourth causes of action).  Defendant contends each cause of action fails to state a claim upon which relief may be granted.

  **a.  Disability Discrimination [First Cause of Action]**

  Plaintiff's first cause of action seeks relief for disability discrimination and failure to reasonably accommodate his disability under FEHA.  Defendant contends plaintiff fails to plead essential facts to connect plaintiff's diabetes to his termination and thus, this cause of action fails to meet the pleading requirements prescribed by Twombly and Iqbal.  Doc. # 5 at 4.  Defendant claims plaintiff's allegations are merely a "formulaic recitation of the elements of a disability discrimination claim, without any factual allegations that would allow for the 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 129 S.Ct. at 1949).

  California Government Code § 12940(a) prohibits discriminatory employment practices based on an employee's disability.  To state a *prima facie* case of employment

discrimination under Section 12940(a), a plaintiff must allege facts showing (1) he is a disabled person within the meaning of FEHA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) his employer terminated him because of his disability. Faust v. California Portland Cement Co., 150 Cal.App.4th 864, 886 (2007). Because plaintiff alleges intentional discrimination,[2] he must also allege facts to show Jet Product's decision to terminate him was "more likely than not" based on his alleged disability. Guz v. Bechtel Nat'l Ins., 24 Cal.4th 317, 355 (2000).

Defendant does not dispute that plaintiff's alleged diabetes qualifies him as a "disabled" person under FEHA nor whether he was qualified to perform essential functions of his job. However, defendant contends plaintiff offers no facts establishing, or even suggesting, that defendant knew plaintiff's neck and shoulder pain or his request to leave work was related to his disability. Doc. # 5 at 5. Defendant points out that the facts alleged in the complaint do not establish the pain that caused plaintiff to leave work on June 25, 2009 was related to plaintiff's diabetes or that his supervisors knew or should have known the pain was caused by plaintiff's diabetes. Id. In fact, defendant notes the complaint alleges plaintiff informed Steward that he believed the pain was caused by a muscle strain and admits plaintiff had previously been accommodated by Jet Products whenever he needed to attend to his diabetic condition. Id. According to defendant, plaintiff's allegations that he refused his supervisor's request to fill in an accident report and simply told his supervisor he was leaving are entirely consistent with a termination based on job abandonment, the basis upon which defendant terminated plaintiff. Id. at 6. Therefore, defendant contends plaintiff's first cause of action must be dismissed for failure to state a claim upon which relief may be granted. Id.

In opposition, plaintiff does not dispute that he fails to allege his diabetic condition was discussed as the basis for his request to leave work on June 25, 2009 but, instead,

---

[2] See Doc. # 1 ¶ 26 ("As a proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff ...").

contends that it can be presumed his supervisor knew of plaintiff's diabetic condition based on Jet Products' prior accommodations and thus, it does not matter whether plaintiff mentioned his diabetes when he requested to leave work. *See* Doc. # 6 at 7. In reply, defendant points out that, because plaintiff's first cause of action seeks relief based on intentional disability discrimination, plaintiff must allege that the "decision to terminate him was 'more likely than not' based on discriminatory animus" which plaintiff cannot do. Doc. # 8 at 3 (quoting Guz, 24 Cal.4th at 355).

This Court agrees with defendant. Based on the allegations presented in the instant complaint, accepted as true as required, this Court finds that plaintiff cannot demonstrate Jet Products intentionally discriminated against him by terminating plaintiff after he walked off the job mid shift without permission on June 25, 2009. The complaint clearly alleges plaintiff requested to leave work that day to tend to a muscle strain and that he told his supervisors he needed to leave because the severe muscle pain was caused by a strained muscle incurred at home. *See* Doc. # 1 ¶¶ 19, 21. As noted by defendant, there was no allegation indicating any mention of plaintiff's diabetes during the conversations conducted prior to plaintiff's unauthorized absence from work on June 25, 2009. This Court is unconvinced by plaintiff's argument that his failure to mention his diabetic condition when he requested to leave work that day is irrelevant because of the presumption his supervisor was aware of plaintiff's diabetic condition since there is nothing alleged that might reasonably infer plaintiff was actually seeking to leave work that day due to his diabetic condition. Under these facts, this Court finds plaintiff's factual allegations of intentional disability discrimination by defendant, taken as true, fail to "'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. Therefore, plaintiff's first cause of action must be dismissed.

**b.    Failure to Reasonably Accommodate [Second Cause of Action]**

Plaintiff's second cause of action is based on defendant's alleged failure to reasonably accommodate plaintiff's disability. *See* Doc. # 1 ¶¶ 30-34. Specifically, plaintiff alleges defendant failed to accommodate his disability by failing "to allow plaintiff

to use his accrued sick leave in order to rest and ice his sore neck, back and shoulder, which were sore partially as a result of circulatory problems brought about by [p]laintiff's diabetes." Id. ¶ 31. Defendant moves to dismiss this claim for the same reason presented in support of dismissal of plaintiff's first cause of action, that is, plaintiff failed to allege facts to plausibly support a claim for relief because there are no facts indicating plaintiff's supervisors were aware of any connection between plaintiff's diabetes and the muscle strain which plaintiff complained of on June 25, 2009. Doc. # 5 at 6. Defendant claims that "an employer's duty to accommodate only arises 'once an employee has brought to its attention his or her inability to perform a particular job function due to a covered diability.'" Id. at 7 (quoting Jensen v. Wells Fargo Bank, 85 Cal.App.4th 245, 260 (2000)). In Jensen, the California Court of Appeal noted:

> that for the [accommodation] process to work '[b]oth sides must communicate directly, exchange essential information and neither side can delay or obstruct the process.' When a claim is brought for failure to reasonably accommodate the claimant's disability, the trial court's ultimate obligation is to "'isolate the cause of the breakdown ... and then assign responsibility' so that '[l]iability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown.'

Jensen, 85 Cal.App.4th at 261(quoting Barnett v. U.S. Air, Inc., 228 F.3d 1105 (9th Cir. 2000)(internal citations omitted)). In the instant case, the fact that plaintiff wished to leave work due to pain caused by his diabetes is "essential information" for the purpose of determining a reasonable accommodation. *See* Jensen, 85 Cal.App.4th at 261. This Court finds plaintiff's complaint fails to allege sufficient facts showing that he informed any agent of defendant that the pain he was experiencing was caused by his disability. To the contrary, this Court's review of the record reflects that plaintiff alleges he was not aware that the pain he experienced stemmed from his diabetes, but instead he believed he had strained or pulled a muscle while at home some two weeks earlier. *See* Doc. # 1 ¶¶ 19, 21.

Given the facts pled by plaintiff, taken as true, this Court finds defendant accommodated every request plaintiff had previously made in regards to his diabetic

1  condition and the breakdown in the accommodation process on June 25, 2009, only
2  occurred because plaintiff did not inform defendant that his intended use of sick leave that
3  day was to treat his diabetes.  Thus, under the facts alleged, this Court finds no plausible
4  support for plaintiff's claim that defendant failed to reasonably accommodate plaintiff's
5  disability.   Therefore, plaintiff's  second cause of action must be dismissed.

### c.     Wrongful Termination [Third and Fourth Causes of Action]

Plaintiff's third and fourth causes of action are based on defendant's alleged violation of the public policy and statutory language contained in California Labor Code §§ 233 and 234. *See* Doc. # 1 ¶¶ 36-39, 41-45.  California  Labor Code § 233 provides that:

> (a) Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, to attend to an illness of **a child, parent, spouse, or domestic partner of the employee**.

Cal. Labor Code § 223(a)(emphasis added).  Section 234 prevents an employer from discriminating against an employee "for using or attempting to exercise the right to use, sick leave to attend to the illness of a child, parent, spouse, or domestic partner of the employee."  Cal. Labor Code § 233(c).  Defendant moves to dismiss plaintiff's third and fourth causes of action on the grounds that the plain language of these statutes offer no protection to plaintiff because he alleges he sought to use his sick leave in order to care for himself and not for a family member.  Doc. # 5 at 2.

In opposition, plaintiff concedes that the plain language of the statutes do not protect an employee's use of sick leave for their own care.  *See* Doc. # 6 at 8-9.[3]  This

---

[3] Instead, plaintiff requests the Court deny defendant's motion based on the possibility that a then-pending case before the California Supreme Court that plaintiff claims may expand the meaning of the statutes to protect employees seeking to use their sick leave to care for themselves.  Doc. # 6 at 8 (citing <u>McCarther v. Pacific Telesis Group</u>, 163 Cal.App.4th 176 (2008)). Defendant claims the <u>McCarther</u> case does not address this issue at all.  *See* Doc. # 8 at 7-8.  The California Supreme Court has subsequently issued its ruling in <u>McCarther</u>, holding only that the kin care statute did not apply to uncapped paid sick leave, an issue that has absolutely no relevance to the instant case. *See* <u>McCarther v. Pacific Telesis Group</u>, 48 Cal.4th 104 (2010).  Therefore, plaintiff's sole argument in opposition fails.

Court agrees with defendant that the plain language of the statutes are not applicable to plaintiff, and therefore, plaintiff fails to state a plausible claim for relief for violation of Cal. Labor Code §§ 233 and 234. Accordingly, plaintiff's third and fourth claims for relief must be dismissed.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is **GRANTED in its entirety**; and
2. Plaintiff's complaint is **DISMISSED without prejudice**.

DATED: May 17, 2010

JOHN A. HOUSTON
United States District Judge